**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID E. LEACH III, Regional Director of Region 22 of the National Labor Relations Board, for and on behalf of the National Labor Relations Board,<br><br>Petitioner,<br><br>v.<br><br>OLIVA SUPERMARKETS LLC et al.,<br><br>Respondents. | Civil Action No.: 15-3174 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

Presently before the Court are two motions by Respondents: (1) a motion for reconsideration of this Court's Order dated July 15, 2015 ("Order"), which granted temporary injunctive relief against Respondents (ECF No. 16.) and (2) a motion to stay the Order pending resolution of the motion for reconsideration. (ECF No. 17.) The Court decides the motions without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, the Court denies both motions.

## BACKGROUND

On December 30, 2014, the Regional Director for Region 22, which encompasses Northern New Jersey, issued a complaint and notice of hearing, pursuant to Section 10(b) of the National Labor Relations Act (the "Act") in which the Regional Director alleged that Respondents were alter egos and had violated 29 U.S.C. § 160(a)(1) and (5) of the Act by repudiating the collective-bargaining agreement and refusing to apply the terms of the collective-bargaining agreement to

employees at Respondents' Whippany, New Jersey location. An administrative hearing regarding the unfair labor practices alleged in the Complaint was held before a Board Administrative Law Judge from March 17, 2015 through March 20, 2015. On April 21, 2015, the Board authorized the Petitioner to seek injunctive relief pursuant to Section 10(j) of the Act with regard to the allegations enumerated in the above mentioned complaint.

On May 15, 2015, Petitioner commenced an action against Respondents in this Court seeking an Order requiring Respondents Olivia and RL to apply the terms and conditions of the existing collective-bargaining agreement between the United Food and Commercial Workers, Local 464A ("the Union") and Oliva to the bargaining-unit employees working in Farmtastic supermarket in Whippany, New Jersey and to bargain with the Union, upon the Union's request. (ECF No. 1.)

According to the petition, Respondents operated a Foodtown supermarket in Cedar Knolls, New Jersey ("Cedar Knolls store") from 2004 until the store closed on February 22, 2014. (Tr. 1131, 1261.) On May 9, 2014, RL opened a supermarket named Farmtastic in Whippany, New Jersey ("Whippany store"), less than three miles away from the Cedar Knolls store. (4 GC Ex. 7; Tr. 142, 279-280.) Victor Laracca ("Victor") owns a 99 percent interest in Oliva and his wife, Josephine Laracca ("Josephine"), owns a one percent interest. (GC Ex. 15, GC000056.) Roberto Laracca ("Roberto"), Victor's son, is listed on the Certificate of Formation, Operating Agreement and bank loans as the sole owner of RL. (GC Ex. 15, GC000005, GC000025, GC000080.) However, While Roberto is listed as the owner of RL, the Whippany store is funded almost entirely by Victor and Josephine Laracca and the V&V and Oliva businesses. (GC Ex. 28 and 30; Tr. 892-893, 904.) Roberto admitted that he was not "involved in the financial part of this deal." (Tr.

2

879.)

The Court granted the request for injunctive relief via Opinion and Order dated July 15, 2015. (ECF Nos. 14 ("Op.") and 15, respectively.) On July 29, 2015, Respondents filed two motions: (1) a motion for reconsideration of this Court's Order (ECF No. 16.), and (2) a motion to stay the Order pending resolution of the motion for reconsideration. (ECF No. 17.) Petitioner filed opposition to both motions simultaneously. (ECF No. 19.)

## **LEGAL STANDARD**

Local Civil Rule 7.1(i) governs motions for reconsideration in this District. It requires a movant to set forth "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L.Civ.R. 7.1(i). To prevail on a motion for reconsideration, the movant must show at least one of the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013) (citations omitted).

"To prevail under the third prong, the movant must show that 'dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered.'" *Mason v. Sebelius*, No. 11-2370, 2012 WL 3133801, at *2 (D.N.J. July 31, 2012) (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)). In other words, reconsideration is not warranted where "(1) the movant simply repeats the cases and arguments previously analyzed by the court; or (2) the movant has filed the motion merely to disagree with or relitigate the court's initial decision." *CPS MedManagement LLC v. Bergen Reg'l Med. Ctr., L.P.*, 940 F. Supp. 2d 141, 167–68 (D.N.J. 2013) (internal citations omitted). "Unless a court has

3

truly failed to consider pertinent authorities or evidence that could not with reasonable diligence have been presented earlier, a motion to reconsider a decision (even one that may contain an error) is generally futile." *Id.* at 168. Indeed, reconsideration of a decision is an "extraordinary remedy," which should be granted "very sparingly." *Friedman v. Bank of Am., N.A.*, No. 09-2214, 2012 WL 3146875, at *2 (D.N.J. Aug. 1, 2012).

## ANALYSIS

With respect to the motion for reconsideration, Respondents argue that the Court's "finding that the 'small and intimate' exception was not applicable because the intimate prong was differentiated or rather non applicable, was based on a mistaken understanding of the facts of the possible unit members/current employees." (ECF No. 16-1 at 1.) Specifically, Respondents contend that the Court based its analysis on an understanding that the bargaining unit "grew to about 26 employees" (Op. at 9-10) when in fact the unit was at most comprised of 24 employees and currently consists of 14. (*See* ECF No. 16-2, Cert. of Robert Laracca ¶¶ 2, 5.) Respondents argue that the "small and intimate" exception should apply, stating in conclusory fashion that "[i]t really doesn't get much 'smaller' and/or 'intimate' than this." (ECF No. 16-1 at 3.)

Petitioner contends that there is no basis on which to grant Respondents' motion for reconsideration. According to Petitioner, regardless of the precise numbers, the core of the issue is that a "significant number of current bargaining-unit employees have not had any experience with their contractual and collective-bargaining rights, they do not have an ongoing relationship with the Union, and they have not had long-term working relationships with their co-workers." (ECF No. 19 at 5.)

The Court agrees with Petitioner that reconsideration is not warranted. The Court notes

4

that in analyzing the "small and intimate" exception it focused not on the exact number of employees, but rather on the size and makeup of the unit immediately following the repudiation of the Union contract. For example, the Court's analysis focused on the fact that 8 employees moved from Cedar Knolls to the Whippany location and that after the repudiation of the Union contract the unit consisted of about 26 employees. In other words, paramount to the Court was the fact that there was "significant growth of nearly 70 percent of workers in the unit after the Respondents' repudiation of the contract" and that the new employees "do not have any experience with the Union, and they therefore have no knowledge of their rights under the NLRA or the contract." (Op. at 10.) Even accepting Mr. Laracca's Certification as true that the most employees he ever had was 24,[1] the analysis remains the same—the bargaining unit grew by at least 66 percent after the Respondents' repudiation of the contract. Accordingly, the Court holds that it did not commit clear error of law or fact and that Respondents have not carried their burden with respect to the motion for reconsideration.

## CONCLUSION

For the reasons above, the Court denies Respondents' Motion for Reconsideration. (ECF No. 16.) The Court also denies as moot Respondents' Motion to Stay. (ECF No. 17.) An appropriate Order accompanies this Opinion.

DATED: September ___, 2015

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that no documentary evidence was filed in support of the assertions made by Mr. Laracca. (*See* ECF No. 16-2.)

5